IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SUNDANCE REHABILITATION CORPORATION | § § § | |
| V. | § § | A-05-CA-853 LY |
| HEARTWOOD NURSING AND REHABILITATION CENTER, INC. | § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATED MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are: Plaintiff's Motion for Summary Judgment filed on March 10, 2006 (Clerk's Docket No. 18); Defendant's Response filed on March 21, 2006 (Clerk's Docket No. 19); Plaintiff's Reply filed on April 3, 2006 (Clerk's Docket No. 20); Defendant's Response filed on April 12, 2006 (Clerk's Docket No 21); Plaintiff's Motion to Strike Defendant's Response (Clerk's Docket No. 24); and Defendant's Motion to Strike filed on May 3, 2006 (Clerk's Docket No. 29). The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. GENERAL BACKGROUND**

Plaintiff SunDance Rehabilitation Corporation ("Sundance") is a Connecticut corporation which provides specialized physical, occupational and speech therapy services to the patients of nursing homes and other nursing facilities across the country. Defendant Heartwood Nursing and Rehabilitation Center, Inc. ("Heartwood") is a Texas corporation with its principal place of business

in Taylor, Texas, where it owns and operates a nursing home, in which SunDance provides physical, speech and occupational therapies to Heartwood's patients. On September 9, 2002, the Parties entered into an agreement ("Agreement") in which SunDance agreed to provide professional rehabilitation therapy services to patients at Heartwood's nursing home in return for payments based on certain fee schedules. SunDance alleges that Heartwood has violated the Agreement by failing to make timely payments to SunDance for its services and that Heartwood owes SunDance more than $130,000.00.

On September 30, 2005, SunDance filed the instant action against Heartwood in federal court based on diversity jurisdiction, alleging breach of contract, and making a request for a declaratory judgment, and attorney's fees. On November 28, 2005, Heartwood filed a Motion to Dismiss arguing that the case should be dismissed for want of jurisdiction under 28 U.S.C. § 1332. After this Court determined that SunDance had alleged sufficient facts to satisfy the amount in controversy requirement necessary for invoking diversity jurisdiction, the Court issued a Report & Recommendation to the District Court recommending that the Motion to Dismiss should be denied. *See* Clerk's Docket No. 14. The District Court adopted the Report & Recommendation on March 8, 2006, and denied the Motion to Dismiss. *See* Clerk's Docket No. 17.

SunDance has now filed the instant Motion for Summary Judgment arguing that it is entitled to summary judgment on its breach of contract suit. SunDance argues that the summary judgment evidence establishes that Heartwood violated the contract and is liable for all unpaid invoices and for service fees accruing on those unpaid invoices.

## II.  MOTION TO STRIKE

SunDance moves the Court to strike Heartland's Response to SunDance's Reply because Heartland failed to obtain leave of Court to file its Response as is required by the Local Court Rules. While it is true that Heartland failed to seek leave of Court before filing the supplemental brief, the Court finds that striking the brief is unnecessary given the fact that the Court would have granted Heartwood leave to file its supplemental response.  Accordingly, SunDance's Motion to Strike (Clerk's Docket No. 24) is **DENIED.**  The Court will consider both Heartland and SunDance's supplemental briefs in consideration of the instant Motion for Summary Judgment.

## III.  STANDARD OF REVIEW

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The party seeking summary judgment bears the burden of showing that there is an absence of evidence to support the non-movant's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997).  After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue of material fact for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor.  *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).  If the non-movant sets forth specific facts in support of allegations essential to his claim,

a genuine issue of material fact is presented, and summary judgment is inappropriate. Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a proper motion for summary judgment. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Rather, the nonmoving party must set forth specific facts showing the existence of a "genuine" issue concerning every essential component of its case. *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir. 1997). The standard of review "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the record before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986)). Applying these standards, the Court turns to the merits of the motion for summary judgment.

## IV.  ANALYSIS

As noted, the parties entered into a Therapy Services Agreement ("Agreement") on September 9, 2002, in which SunDance agreed to provide rehabilitation therapy services to Heartwood's patients in exchange for certain payments. Specifically, the Agreement provided that Heartwood "shall pay SunDance for *Services rendered* in accordance with the fee schedules and other information set forth in Exhibit A." Agreement, at Art. 3.1, Exh. A to Plaintiff's Motion (emphasis added). The per diem fee schedule provided in Exhibit A to the Agreement further provided that "SunDance shall be entitled to the Medicare per diem rate agreed upon for each day of the Resident's stay in *each* particular RUG classification." Exhibit A to the Agreement. The per diem rates ranged from $5 to $113.14 depending on the patient's classification.

In its Motion for Summary Judgment, SunDance argues that the summary judgment evidence establishes that Heartwood violated the Agreement by failing to pay for SunDance's services. In response to the Motion, Heartwood argues that SunDance has billed Heartwood for services that it did not perform and thus does not owe Sundance the amounts reflected on the invoices. Heartwood emphasizes that the Agreement only requires Heartwood to pay SunDance for "Services rendered." Heartwood contends that SunDance submitted invoices for "each day in which a patient could have been treated by Plaintiff, even though Plaintiff did not perform services for the patient." Response at 2. Heartwood further argues that SunDance has failed to establish that it rendered services for each of the days during which it claims a right to payment and thus has failed to satisfy its burden to establish that it is entitled to summary judgment for the entirety of its invoices. The Court agrees.

The Agreement in this case clearly provides that Heartland is responsible to pay SunDance for "Services rendered." Agreement, at Art. 3.1. SunDance is attempting to substitute the fee schedule terms set forth in the per diem fee schedule attached to the Agreement for the clear and unambiguous material terms in the body of the contract. That contract provides that the "Operator shall pay SunDance for Services rendered." *Id.* Article 3.1 clearly states that Heartland shall pay SunDance for "Services rendered in accordance with the fee schedules and other information set forth in Exhibit A." *Id.* Thus, the per diem fee schedule is used to determine the actual fee owed once it is determined that services were actually rendered to a patient. SunDance has failed to establish that it rendered services for each of the days during which it claims a right to payment and thus has failed to satisfy its burden to establish that it is entitled to summary judgment for the entirety of the invoices submitted to Heartland. In fact, SunDance has merely submitted summary judgment evidence consisting of copies of invoices sent to Heartwood and an unsupported affidavit from its

5

General Counsel that Heartwood failed to pay for its services. Clearly, this is insufficient summary judgment evidence to entitle it to summary judgment in this case.

Because there is a factual dispute between the parties regarding the actual services performed, there are material fact issues which preclude summary judgment at this time. Accordingly, SunDance's Motion for Summary Judgment must be denied.

## V. RECOMMENDATION

The Magistrate Court RECOMMENDS that the District Court DENY Plaintiff's Motion for Summary Judgment (Clerk's Docket No. 18).

## VI. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir.

1996) (en banc).  The clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 17th  day of July, 2006.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE